NOT FOR PUBLICATION

ECF NO. 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TREMAYNE PARKER,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN, ADULT DIAGNOSTIC AND TREATMENT CENTER, et al.,<br><br>        Respondents. | Civil No. 21-3350 (RMB)<br><br>OPINION |

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon Respondents' motion to dismiss Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in custody pursuant to the judgment of a State court. (Motion to Dismiss, Docket No. 6.) Petitioner did not file a brief in opposition to Respondents' motion to dismiss. Pursuant to Federal Rule of Civil Procedure 78(b), the Court will determine the motion on the petition and briefs, without oral argument.

**I.    PROCEDURAL BACKGROUND**

On June 28, 2013, in New Jersey Superior Court, Camden County, Petitioner pled guilty to two counts of first-degree aggravated sexual assault (N.J.S.A. 2C:14-2a(1), Counts One and Eleven) and one count of second-degree endangering the

welfare of a child (N.J.S.A. 2C:24-4a, Count Nineteen). (Motion to Dismiss, Exhibits 1, 2, Docket Nos. 6-5 and 6-6.) The remainder of the counts in Indictment No. 3198-12-12 were dismissed. (Mot. to Dismiss, Ex. 1, Docket No. 6-5 at 4.) Petitioner was sentenced on October 16, 2013, to an aggregate 20-year term of imprisonment with eighty-five percent parole ineligibility. (*Id.*, Exhibits 1, 2, Docket Nos. 6-5, 6-6.) Petitioner filed a pro se petition for post-conviction relief (hereinafter "PCR") on March 5, 2014, although the petition was dated November 19, 2013, and appears to have been first received by the court on November 27, 2013. (*Id.*, Ex. 3, Docket No. 6-7.) Petitioner filed an amended verified PCR petition on November 24, 2014. (*Id.*, Ex. 4. Docket No. 6-8.)

The Honorable Frederick J. Schuck, J.S.C., denied the PCR petition on February 26, 2015. (*Id.*, Ex. 5. Docket No. 6-9.) On April 23, 2015, Petitioner filed a notice of appeal and notice of motion to file as within time. (*Id.*, Exhibits 6-8, Docket Nos. 6-10, 6-11, 6-12.) On May 7, 2015, the Appellate Division granted Petitioner's motion to file as within time. (*Id.*, Ex. 9, Docket No. 6-13.) Subsequently, on February 7, 2017, the Appellate Division affirmed the denial of Petitioner's PCR petition. *(Id.*, Ex. 11, Docket No. 6-15.) Petitioner filed a notice of petition for certification in the New Jersey Supreme Court on February 8, 2017. (*Id.*, Ex. 12, Docket No. 6-16.) The New Jersey Supreme Court denied the petition for certification on June 15, 2017. (Pet., Docket No. 1 at 13.) Petitioner placed his § 2254 habeas petition in the prison mailing system for filing in this Court on February 19, 2021. (*Id.* at 12.)

## II. ANALYSIS

Respondents seek dismissal of Petitioner's § 2254 petition for failure to timely file within the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d). (Motion to Dismiss, Docket No. 6.) Respondents submit that the § 2254 petition was filed more than two years late, and Petitioner failed to establish that he is entitled to equitable tolling.

### A. Legal Standard

The statute of limitations for a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2254 is set forth in 28 U.S.C. § 2244(d), which provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

A judgment becomes final on direct appeal pursuant to § 2244(d)(1)(A), and the statute of limitations begins to run, "'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) (additional citations omitted). The statute of limitations is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending….." State law governs "when a petition for collateral relief is properly filed.'" *Douglas v. Horn*, 359 F.3d 257, 262 (3d Cir. 2004) (quoting *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)).

### B. Statute of Limitations Calculation

Petitioner's original and amended judgments of conviction were dated the same day, October 17, 2013. Petitioner had until December 2, 2013, 45 days after entry of the amended judgment of conviction, to file a notice of appeal in the New Jersey Superior Court, Appellate Division. N.J. Ct. R. 1:3-1, 2:4-1(a)(2). Petitioner did not seek direct review. Thus, his conviction became final on December 2, 2013. *See, Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) ("for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires.") Giving Petitioner the benefit of the doubt concerning the state court's multiple date stamps on his PCR petition, the one-year statute of limitations period was tolled on November 27, 2013, when Petitioner's PCR petition was first "received" by the state court. *See e.g., State v. Brown*, 190 A.3d 531, 534 (N.J. Super. Ct. App. Div. 2018) (finding that PCR petition was signed on March 11, 2016, but it was filed on March 22, 2016, the date it was marked received by the court.) The statute of limitations period remained tolled through June 15, 2017, when the New Jersey Supreme Court denied Petitioner's petition for certification on denial of his PCR appeal. The one-year limitations period began on June 16, 2017 and expired on June 16, 2018. Petitioner did not file his § 2254 habeas

petition until he placed it in the prison's legal mailing system on February 19, 2021. The limitations period expired years before the habeas petition was filed.

### C. Equitable Tolling

The doctrine of equitable tolling applies to habeas petitions under 28 U.S.C. § 2254 in appropriate cases. *Holland v. Florida*, 560 U.S. 631, (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner did not submit a response to Respondents' motion to dismiss on timeliness grounds. In his habeas petition, Petitioner stated that he had "strong grounds for the court to allow me to file out of time." (Pet., Docket No. 1 at 11.) Petitioner, however, did not provide this Court with the reason(s) for his late filing. Petitioner has not established that he is entitled to equitable tolling of the statute of limitations. Therefore, the Court will dismiss the petition with prejudice.[1]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

---

[1] If this Court has somehow missed Petitioner's equitable tolling argument, Petitioner may file a motion for reconsideration in compliance with Federal Rule of Civil Procedure 59(e).

28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner's habeas petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d), and Petitioner has not established that jurists of reason could disagree with his failure to establish a basis for equitable tolling of the statute of limitations. Therefore, the Court will deny a certificate of appealability.

### IV. CONCLUSION

For the reasons discussed above, the Court will grant Respondents' motion to dismiss and dismiss the § 2254 petition with prejudice as untimely pursuant to 28 U.S.C. 2254.

As appropriate Order follows.


**May 4, 2022**                                   s/Renée Marie Bumb
Date                                              Renée Marie Bumb
                                                  United States District Judge